**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                        **4:93-CR-000068 GTE**

**LANCELL MAURICE HARRIS**

<u>**ORDER**</u>

Pending is Defendant Lancell Harris' motion entitled, "Judicial Notice; Entry of

Appearance - Pro Se; Motion to Terminate Defense Counsel; Rule 35(a) Motion to Correct Clear

Error; or Alternatively – Defendant's Notice of Appeal."   After careful consideration of Mr.

Harris' motion and the entire record in this matter, the Court make the following rulings.  Mr.

Harris' request to relieve his appointed counsel and to proceed *pro se* will be granted.  The Court

will treat Mr. Harris' request to correct his sentence under Rule 35(a) as a timely-filed motion to

reconsider the Court's prior Order reducing his sentence.  The Court rejects Defendant's request

for a further sentence reduction on the merits because it finds no legal basis upon which to

further reduce Defendant's sentence.  If he so chooses, Defendant may appeal this Order and the

Court's prior Order by filing a Notice of Appeal.

**BACKGROUND**

A jury convicted Mr. Harris of all counts charged in a four-count Indictment.  Count 1

charged Mr. Harris with possession of cocaine with intent to distribute, a violation of 21 U.S.C. §

841(a)(1).  Count 2 charged Mr. Harris with carrying a firearm during a drug-trafficking offense,

a violation of 18 U.S.C. § 924(c)(1).  Count 3 charged Mr. Harris with possession of cocaine and

cocaine base with intent to distribute, a violation of 21 U.S.C. § 841(a)(1).  Count 4 charged Mr.

Harris with carrying a firearm during a drug-trafficking crime, a violation of 18 U.S.C. § 924(c)(1).

On December 6, 1993, Mr. Harris was sentenced to 421 months incarceration.[1]   Three hundred months of the sentence was imposed based on two mandatory consecutive sentences, one for 60 months pursuant to 18 U.S.C. § 924(c) for Count II, and another for 240 months pursuant to 18 U.S.C. § 924(c) for Count IV.  The remaining 121 months of the sentence represented the low end of the 121-151 guideline range computed for Counts I and III, based on an offense level of 32 and a criminal history category of I.

On December 11, 2007, the Federal Sentencing Commission enacted Amendment 711. Amendment 711 specified that Amendment 706, which reduced the guideline range for certain crack cocaine offenses by lowering the drug quantity table found in Guideline § 2D1.1, would be applied retroactively as of March 3, 2008.  Amendment 711 also amended Guideline § 1B1.10, a policy statement providing guidance to courts called upon to reduce a sentence pursuant to 18 U.S.C. § 3582(c).[2]

As a result of these Guideline changes, any defendant sentenced under the Guidelines based upon a quantity of crack cocaine was potentially eligible for a sentence reduction.  The Eastern District of Arkansas elected to put in place a proactive plan to identify those defendants who might benefit from this change in the law.  Mr. Harris was identified as a defendant who was potentially eligible for a sentence reduction.

---

[1]  The case was handled by the Honorable Judge Elsijane T. Roy until her retirement.  The case was transferred to the undersigned on October 29, 1999, after Mr. Harris filed a § 2255 motion.

[2]  *See* U.S.S.G. App. C, Amend. 706, incorporated in U.S.S.G. § 2D1.1 (Supp. May 1, 2008) and App. C, Amend. 711, incorporated in U.S.S.G. § 1B1.10 (Supp. May 1, 2008).

On March 6, 2008, the Court *sua sponte* appointed Jenniffer Horan, Federal Public Defender, to represent Mr. Harris in seeking a sentence reduction.[3]  The Court advised Mr. Harris at the time of the appointment that he had the right to retain counsel of his choice if he had the financial means to do so.  Mr. Harris subsequently submitted a financial affidavit to the Court demonstrating that he qualified for appointed counsel.  On March 24, 2008, Magistrate Judge Cavaneau entered an Order affirming Mr. Harris' eligibility for appointed counsel.

On March 12, 2008, Mr. Harris' appointed counsel filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c).[4]  The motion sought to take full advantage of the retroactive amendments to the Sentencing Guidelines Drug Quantity Table, which lowered the base offense level for most crack cocaine offenses by 2 levels.  The motion requested a sentence reduction based on the reduced offense level of 30, producing an new guideline range of 97-121 months for Counts I and III.  The motion specifically requested that the Court also consider the factors set forth in § 3553(a), to the extent applicable, and noted the Court's jurisdiction to conduct a hearing if it so desired.

On June 27, 2008, the Government filed a response to Defendant's motion to reduce sentence.[5]  Therein, the Government agreed that Mr. Harris was eligible for a sentence reduction, agreed that the revised sentencing range was 97-121 months on Counts I and III, and raised no objection to the requested reduction.

---

[3]  (See Docket No. 57).

[4]  (See Docket No. 58).

[5]  (See Docket No. 61).

On July 1, 2008, the Court entered an Order reducing Mr. Harris' sentence from 421 months to 397 months.[6]  The Court granted Mr. Harris the maximum sentence reduction possible on Counts I and III, reducing the sentence on those counts to 97 months.  The Court lacked any authority, however, to reduce the sentence for the firearms offenses in Counts II and IV, both of which required consecutive mandatory statutory terms totaling 300 months.

On July 25, 2008, Mr. Harris, proceeding *pro se*, filed the motion presently before the Court.

Mr. Harris is presently serving the sentence imposed in this case. The Bureau of Prisons currently projects his release date, after the reduction of his sentence, to be July 4, 2022.

## DISCUSSION

Mr. Harris complains about a wide variety of issues.  He complains about his appointed counsel's representation, a lack of notice of the Court's Order or Judgment rendering a decision regarding his sentence reduction and the denial of participation in the process.  He  requests copies of all pleadings filed in this matter, seeks to rescind or correct this Court's prior Order reducing his sentence, or alternatively, asks that his motion be treated as a Notice of Appeal.  Mr. Harris also requests a resentencing hearing, for the purpose of demonstrating that he is eligible for a sentence reduction greater than the 2 level offense level permitted by Amendment 706 and 711 to the Sentencing Guidelines.

### Representation of Appointed Counsel

Mr. Harris argues that his attorney "entered into an agreement with the government" without consulting him or giving him "the chance to state [his] opinion of whether to take the offer."[7]

---

[6]  (See Docket No. 62).

[7]  Mr. Harris' Declaration, Exh. A to motion.

His argument suggests that his counsel and the government entered into some sort of an agreement about the sentence reduction he should receive, similar to a plea agreement. Defendant is mistaken. First, it was the Court's decision, and the Court's decision alone, as to whether to reduce Defendant's sentence, and if so, how much. Defendant may be confused by the statement in the motion that the Government had reviewed the case and "agreed" that Mr. Harris was eligible for a sentence reduction. This statement simply refers to the fact that both the Government's attorney and the Federal Public Defender, after reviewing the case, agreed that Mr. Harris appeared eligible for a sentence reduction. There was no "offer" for Defendant to consider and no "agreement" as to the sentence reduction to be imposed.

Defendant states that he would like to terminate Ms. Horan's representation and "start over on [his] own." The Court will terminate Ms. Horan's representation, as requested, and permit Mr. Harris to proceed *pro se*. While the Court will not set aside its prior Order, it will treat Mr. Harris' motion as a motion for reconsideration and it will consider the merits of the arguments Mr. Harris now raises.

Despite Defendant's complaints about his counsel's representation, he suffered no prejudice as a result of his counsel's representation. As discussed below, his counsel obtained for him the maximum relief permitted by law.

**<u>Notice Issues</u>**

To address Mr. Harris' complaint that he never received a copy of relevant pleadings in this case, the Court directs the Clerk of the Court to include with this Order a copy of Defendant's motion for retroactive application of sentencing guidelines, the Government's response thereto, and the Court's one-page Order granting the motion and reducing Mr. Harris' sentence to 397 months.[8]

---

[8] (Doc. # 58, # 61, and # 62).

**Motion to Correct, or Alternatively, Request to Appeal**

Mr. Harris titles his motion as a "Motion to Correct" pursuant to Fed. R. Civ. P. 35(a).  While the Court lacks any authority to correct the sentence based on Rule 35(a), the Court will treat Defendant's motion as a motion for reconsideration of the Court's prior Order granting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[9]  The Court considers the merits of the arguments presented by Defendant to determine whether he is entitled to any further relief.

Mr. Harris complains that his appointed counsel did not act in his best interest because she failed to argue in the motion for a greater reduction than "just the two points."  Mr. Harris' argument is primarily based a case from the Ninth Circuit, *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).  In *Hicks*, the Court held that when a defendant is entitled to a sentence reduction based upon a retroactive amendment, *Booker*[10] opens the door to a complete resentencing.  The *Hicks* decision has not been embraced by the majority of federal courts, most of which reject both the reasoning and conclusion of the *Hicks'* court.[11]

This Court previously rejected a defendant's argument that the Court consider the *Booker* decision when reducing his sentence based on the crack cocaine amendment.  In the case of  *United States v. Rowland*, No. 4:03-cr-00060-GTE (E.D. Ark. June 27, 2008), this Court held:

---

[9]  (Docket # 62).

[10]  *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[11]  *See, e.g., United States v. Julien*, 550 F.Supp.2d 138, 140 (D.Me.2008) ("the Sixth Amendment concerns that motivated the *Booker* Court to declare the Guidelines advisory are simply not in play in the context of a sentence reduction under § 3582(c)(2)");  *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005)(*Booker* is inapplicable to § 3582(c)(2) motions.");  *United States v. Waller*, 2008 WL 822118, at * 1-2 (E.D. Mo. Mar. 26, 2008)("the maximum relief available to the defendant is the two-level offense level reduction authorized by the amendment to § 2D1.1");  and *United States v. Hall*, 2008 WL 824234, at * 1 (N.D. Iowa Mar. 24, 2008)(concluding that *Booker* does not apply to § 3582(c)(2) proceedings).
.

> While the sentencing landscape has changed dramatically since Defendant was sentenced in 2003, these changes to federal sentencing law come too late to help Defendant. First, the Eighth Circuit has held that *Booker* does not apply retroactively to convictions that were final when the decision was announced. *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). Second, § 3582(c)(2) requires that a retroactive sentence reduction be consistent with applicable policy statements. The applicable policy statement, § 1B1.10(b)(1), directs that when determining whether Amendment 706 lowers Defendant's guideline range, the court "shall leave all other guideline application decisions unaffected." Accordingly, *Booker, Kimbrough,* and *Gall* may not be considered when determining whether Defendant is eligible for a sentence reduction based on Amendment 706 and 18 U.S.C. § 3582(c)(2).

*Id*. at p. 7 (omitting footnote).

In the *Rowland* case, this Court also rejected the defendant's suggestion that the Court was free to conduct a "full resentencing" during which it could grant a reduction greater than that authorized by the crack cocaine retroactive amendment. This Court's decision in the *Rowland* case was summarily affirmed by the Eighth Circuit of Appeals. *United States v. Rowland*, No. 08-2506 (8th Cir. July 29, 2008)(unpublished).

The Court rejects Mr. Harris' contention that he is entitled to any further reduction of his sentence based on either *Booker* or *Hicks*. The Court also rejects his contention that he is entitled to a resentencing hearing. Finally, the Court notes that Mr. Harris' suggestion that he might qualify for the safety valve exception fails as a matter of law. His possession of a firearm during the drug offenses disqualifies him from a safety valve exception. *See* U.S.S.G. §§ 2D1.1(b)(9) and 5C1.2 (emphasis added); 18 U.S.C. § 3553(f).

Mr. Harris has already received the maximum relief this Court is authorized to give. The term of imprisonment Mr. Harris is serving for the two counts affected by the two-level adjustment to U.S.S.G. § 2D1.1, Counts I and III, have been lowered to the maximum amount permissible by

law.  The Court has no authority to lower the statutory minimum consecutive sentences imposed on

Counts II and IV, for the firearm offenses.

Because the Court lacks the authority to grant Mr. Harris any further relief, his motion for

reconsideration is denied.

### Notice of Appeal

Mr. Harris has pled, in the alternative, that his motion be treated as a Notice of Appeal.  The

Court has considered Defendant's arguments on the merits, but rejected them.  The Court does not

know whether Mr. Harris will still wish to appeal this Court's decision after reviewing it and the

other papers which he says he was never provided.  If so, Defendant should be permitted to appeal

both this Order and the Court's prior Order dated July 1, 2008,  to which this Order relates.

Normally, a defendant has ten (10) days to file a notice of appeal.  Mr. Harris is incarcerated,

proceeding *pro se*, and receiving documents with this Order that he may be seeing and evaluating

for the first time.  Pursuant to Fed. R. App. P. 4(b)(4),  the Court concludes that good cause exists

for extending the time period for Mr. Harris to file his notice of appeal.

For the reasons stated above,

IT IS HEREBY ORDERED THAT Mr. Harris' *pro se* Motion to Dismiss Appointed

Counsel, to Correct Order regarding Motion for Sentence Reduction, and alternatively, to construe

as Timely Notice of Appeal (Docket No. 63), be, and it is hereby, GRANTED IN PART and

DENIED IN PART.  Ms. Jenniffer Horan is hereby relieved as counsel for Mr. Harris, and Mr.

Harris is granted permission to proceed *pro se*.  The Court directs the Clerk of the Court to provide

Mr. Harris with copies of Docket Nos. 58, 61, and 62.  The Court denies Mr.  Harris' request for a

further sentence reduction.

IT IS FURTHER ORDERED, *sua sponte*, that the time period time within which Defendant may file his notice of appeal of this Order and the Court's Order regarding motion for sentence reduction (Docket No. 62) be, and it is hereby, extended to thirty (30) days from the filing of this Order.

IT IS SO ORDERED this  21st  day of October, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE